UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

NAPOLEON B. GAINEY,
　　　　　Appellant,

　　　　v.

UNITED STATES POSTAL SERVICE,
　　　　　Agency.

DOCKET NUMBER
DC-0752-16-0167-I-1

DATE: September 9, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Corinthian J. Burrell</u>, High Point, North Carolina, for the appellant.

<u>Greg Allan Ribreau</u>, Esquire, Charlotte, North Carolina, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2       The appellant filed a Board appeal in which he indicated that he was appealing his proposed removal. Initial Appeal File (IAF), Tab 1 at 3, 8-10. He further asserted that the agency proposed his removal due to discrimination and retaliation. *Id.* at 12. During subsequent status conference calls with the administrative judge, the appellant raised a potential claim that the agency suspended him by placing him on enforced leave. IAF, Tabs 10-11.

¶3       The agency moved to dismiss the appeal for lack of jurisdiction, asserting that, although it had proposed the appellant's removal, his removal was never effected and he had not been suspended for more than 14 days. IAF, Tab 12 at 5‑6. In support of its argument, the agency stated the following: on October 28, 2015, after working 6.25 hours, the appellant was instructed to leave work pending his removal and he took 1.75 hours of sick leave for the remainder of the day. *Id.* at 10. The appellant was not scheduled to work on the next day, October 29, 2015. *Id.* On October 30, 2015, the appellant was charged with 8 hours of leave without pay (LWOP). *Id.* at 11. On October 31, 2015, the agency placed the appellant on administrative leave, on which he remained until his return to duty on February 10, 2016. *Id.*

¶4     Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 13, Initial Decision (ID).  The administrative judge found that the appellant failed to nonfrivolously allege that he suffered an appealable adverse action because the record reflected that the agency did not issue a removal decision and only placed him in an unpaid leave status for a total of 8 hours.  ID at 4.  The administrative judge further found that absent an otherwise appealable action the Board lacks jurisdiction over the appellant's claims of discrimination and retaliation.  ID at 4‑5.

¶5     The appellant has filed a petition for review in which he asserts that the administrative judge improperly raised the issue of jurisdiction, misconstrued his statements during the status conferences, and prematurely dismissed the appeal without considering his response to the agency's motion to dismiss.  Petition for Review (PFR) File, Tab 1 at 1-2.  The agency has filed a response in opposition to the appellant's petition.  PFR File, Tab 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶6     The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Thus, it follows that the Board does not have jurisdiction over all matters alleged to be unfair or incorrect.  *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (Fed Cir. 1995).  The appellant bears the burden of proving by preponderant evidence[2] that his appeal is within the Board's jurisdiction.  5 C.F.R. § 1201.56(b)(2)(i)(A).  If an appellant makes a nonfrivolous[3] allegation of Board jurisdiction over an appeal, he is

---

[2] A preponderance of the evidence is that "degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue."  5 C.F.R. § 1201.4(q).

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

entitled to a hearing on the jurisdictional question. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

¶7     We agree with the appellant that the administrative judge erred in dismissing the appeal on March 4, 2016, without considering his response to the agency's motion to dismiss. The record reflects that the administrative judge afforded the appellant until February 29, 2016, to file a response to the agency's motion to dismiss. IAF, Tab 11 at 1. Thus, the appellant's response, postmarked on February 29, 2016, and received by the Board on March 3, 2016, was timely filed and should have been considered. IAF, Tab 15; *see* 5 C.F.R. § 1201.4(*l*). Nonetheless, having considered all of the appellant's submissions below and on review, we agree with the administrative judge that the appellant has failed to make nonfrivolous allegations of Board jurisdiction over his appeal.[4]

¶8     The Board has jurisdiction over adverse actions, including a removal and a suspension for more than 14 days.[5] 5 U.S.C. § 7512(1)-(2). The Board lacks jurisdiction to review a notice of proposed removal; rather, the removal must have been effected before the Board has jurisdiction over an appeal of that action.

---

[4] In his response to the agency's motion to dismiss, the appellant asserts that the Board has jurisdiction pursuant to 5 C.F.R. § 1201.3(a)(9). IAF, Tab 15 at 3. The record, however, does not reflect that the appellant was ever found unsuitable, and we find this reference fails to constitute a nonfrivolous allegation of Board jurisdiction over a suitability action.

[5] Although the initial decision indicates that the parties discussed the Board's jurisdiction during a status conference, the administrative judge did not issue a written order memorializing this discussion or providing the appellant with notice of his jurisdictional burden. ID at 4; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (stating that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). Any error, however, was cured by the agency's motion to dismiss and the initial decision, which provided the appellant with notice of the Board's jurisdictional requirements. *See Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (finding that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was lacking or if the initial decision puts the appellant on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet his jurisdictional burden on review).

*See Mays v. Department of Transportation*, 27 F.3d 1577, 1579 (Fed. Cir. 1994) (stating that the Board's jurisdiction does not extend to proposed removals); *Cruz v. Department of the Navy*, 934 F.2d 1240, 1243 (Fed. Cir. 1991) (en banc) (noting that, "[b]ecause mere proposals to remove are not listed in [5 U.S.C.] § 7512, they are not appealable adverse actions in themselves and the Board has no jurisdiction over them"); *Weber v. Department of the Army*, 45 M.S.P.R. 406, 409 (1990) (stating that a removal must have been effected before the Board has jurisdiction over that action). Although the appellant contends that the agency revoked his driving privileges and temporarily reassigned him from his position as a Letter Carrier, he does not contend that the agency has effected his removal. IAF, Tab 15 at 3; PFR File, Tab 1 at 1. Thus, we find that the administrative judge properly determined that the Board lacks jurisdiction over the appellant's proposed removal.

¶9      An agency's placement of an employee on enforced leave for more than 14 days constitutes an appealable suspension within the Board's jurisdiction. *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014). The Board, however, lacks jurisdiction over suspensions of 14 days or less. *See, e.g.*, *Engler v. Department of the Army*, 121 M.S.P.R. 547, ¶¶ 6-9 (2014). To the extent the appellant is alleging that he was forced to take 1.75 hours of sick leave on October 28, 2015, and he was placed on LWOP for 1 day on October 30, 2015, IAF, Tab 15 at 2, 14; PFR File, Tab 1 at 2, such assertions fail to constitute nonfrivolous allegations that he was suspended for more than 14 days.[6] 5 U.S.C. § 7512(2); *see Engler*, 121 M.S.P.R. 547, ¶ 9. We therefore affirm the

---

[6] The appellant also asserts that he was placed on paid administrative leave from October 31, 2015, to February 5, 2016. IAF, Tab 15 at 2. However, it is well settled that the Board lacks jurisdiction over an agency's decision to place an employee on administrative leave. *See Henry v. Department of the Navy*, 902 F.2d 949, 953-54 (Fed. Cir. 1990); *LaMell v. Armed Forces Retirement Home*, 104 M.S.P.R. 413, ¶¶ 7, 9 (2007).

administrative judge's jurisdictional dismissal of the appellant's suspension claim.

¶10    Finally, we find unavailing the appellant's argument that the administrative judge improperly raised the issue of jurisdiction. PFR File, Tab 1 at 1. The issue of jurisdiction is always before the Board and may be raised at any time during a proceeding. *Morgan v. Department of the Navy*, 28 M.S.P.R. 477, 478 (1985). It is incumbent on the administrative judge to address jurisdiction sua sponte if there is reason to believe that jurisdiction might be an issue in the appeal. *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 678 (1991). Therefore, it was entirely appropriate for the administrative judge here to raise the issue of jurisdiction sua sponte.

¶11    Accordingly, we conclude that the administrative judge properly dismissed the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.